UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: DENNIS WAYNE TYNDALL : CHAPTER 13
       Debtor :
 :
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
       Movant :
 :
vs. :
 :
DENNIS WAYNE TYNDALL :
       Respondent : CASE NO. 1-23-bk-02289

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 25th day of January, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

2. Debtor(s)' plan violates 11 U.S.C. § 1322(a)(2) in that the debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507.

3. Failure to properly state the liquidation value in Section 1B of the plan.

4. Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the debtor's home as stated in his schedules.
    b. Business assets

5. Trustee further objects to debtor(s)' plan subject to debtor(s) providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to §§ 1302(c), 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

   a. Certification of business debtor.
   b. Federal Income Tax Return for the two most recent years.
   c. Insurance policies for:

      1) Business liability
      2) Workman's compensation liability.

   d. Employers' quarterly payroll tax returns. If applicable, copies of the bank statements for six months preceding the filing.
   e. Copy of bank statements for six months preceding the filing of the petition.

6. The debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9).

7. Trustee avers that debtor(s)' plan cannot be administered due to the lack of the following:

   a. The debtor has not provided to the Trustee copies of 2022 Federal Income Tax returns as required by § 521(e)(2)(A).
   b. Twelve-month Profit and Loss Statement for 2023.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

# CERTIFICATE OF SERVICE

        AND NOW, this   26th   day of January, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. Haley Rohrbaugh, Esquire
135 North George Street
York, PA   17401

                                            /s/Deborah A. DePalma
                                            Office of Jack N. Zaharopoulos
                                            Standing Chapter 13 Trustee